## BENJAMIN WHEELER *et al. versus* CALVIN WILLARD.

In an action of the case against a *sheriff* for a *neglect* of *duty* in not paying over money collected on an execution in favor of the plaintiffs the declaration alleged, that the execution was delivered to the defendant; that he ought to have satisfied it out of moneys of the debtor, arising from the sale of his property made by the defendant, which property was attached by the defendant on the plaintiffs' original writ; and that the moneys arising from such sale were more than sufficient to satisfy the execution after paying off all previous attachments. It was *held*, that in order to bring the case within the *St.* 1804, *c.* 83, § 6, it should have been averred, that the sale was made by the defendant *virtute officii*, and that the plaintiffs' execution was delivered to the defendant before he had paid over the surplus money to the debtor.

In an action on the case against a sheriff for a neglect of duty by Fisher, one of his deputies, the declaration alleged, that a writ had been delivered by the plaintiffs to Fay, another of his deputies, who attached thereon an equity of redemption and personal property belonging to the debtor; that the plaintiffs' execution was delivered to Fay, who satisfied it in part by a sale of the personal property, and afterwards presented it to Fisher, who had made a simultaneous attachment of the same equity on a writ in favor of another creditor of such debtor and had sold it on such creditor's execution; that Fay demanded of Fisher one half of the proceeds of the sale, to be applied to the payment of the plaintiffs' execution, having before and at the time of the sale notified to Fisher the simultaneous attacnment under the plaintiffs' writ, and requested him to retain one half of such proceeds, to be applied to the payment of the plaintiffs' execution; yet, that Fisher not regarding the notice, nor the demand, the plaintiffs had wholly lost the benefit of their attachment of the equity. It appeared, that one half of the proceeds of the sale much exceeded the amount due on the plaintiffs' execution. It was *held*, that the declaration was insufficient, inasmuch as there was no averment, that Fisher had any surplus money in his hands at the time of the demand by Fay, nor that the plaintiffs' attachment had been returned into court, nor that the plaintiffs' execution was delivered to Fisher.

CASE against the sheriff of the county of Worcester, for neglect of duty, both by him and by his deputies.

The first count in the declaration alleges, that, on the second Monday of June 1829, the plaintiffs recovered judgment in the Court of Common Pleas, holden at Concord, against Artemas Fay of Southborough in the county of Worcester, for the sum of $336.84 damages, and $14.05 costs; that on June 26, 1829, the execution was issued and delivered to the defendant, that the defendant undertook to execute the same, according to law, and "ought to have satisfied it out of moneys of the said Fay arising from the sale of the said Fay's property made by the said Willard," on May 5, 1829, which property

was attached by Willard on the plaintiffs' original writ; "that the moneys arising from the sale of Fay's property as aforesaid were more than sufficient to satisfy the plaintiffs' judgment, after paying off all previous attachments," and that there, on July 1, 1829, the plaintiffs demanded of the defendant, the money then in his hands arising from the sale, in satisfaction of their execution; but that the defendant has unreasonably neglected and refused to pay the amount of the execution out of such money. Whereby and by force of the statute, &c., the defendant has forfeited to the use of the plaintiffs five times the lawful interest of said money, in addition to the principal aforesaid collected by him.

The second count alleges, that the original writ against Artemas Fay was delivered to Francis B. Fay, one of the deputies of the defendant; that Francis B., on January 12, 1829, by virtue thereof, attached all the right, title and interest which Artemas had in and unto certain parcels of real estate, which, together with personal property attached on the writ, were of the value of $1000; that the plaintiffs recovered judgment, and that the execution was delivered to Francis B. who undertook to levy the same; that Francis B. sold the personal property attached, which satisfied the execution in part, viz. to the amount of $150; that Francis B. afterwards, and within thirty days from the rendition of the judgment, presented the execution to Jabez G. Fisher, another deputy of the defendant, who had made a simultaneous attachment of the same real estate on a writ in favor of Perley Whipple, and had sold the rights in equity which Artemas Fay had to redeem the same, on Whipple's execution, for the sum of $975; that Francis B. demanded of Fisher one half of the proceeds of the sale, to be applied to the payment of the plaintiffs' execution, having before and at the time of the sale notified to Fisher the simultaneous attachment under the plaintiffs' writ, and requested Fisher to retain one half of the proceeds of the sale in his hands, subject to the plaintiffs' attachment, to be applied in payment of their execution; yet that Fisher not regarding the notice nor the demand, the plaintiffs have wholly lost the benefit of their attachment of the real estate; whereby and by force of the statute, the defendant became liable to pay the plaintiffs

Wheeler
v.
Willard.

the balance of their execution and thirty per cent. interest there-on, from the time of Fisher's refusal to pay one half of the proceeds of the sale to Francis B. for the purpose of discharg ing the execution.

The third count, after alleging the attachments, the issuing of the executions, the sale by Fisher and the demand by Fran-cis B. of one half of the proceeds of the sale, &c., avers, that after the return of the plaintiffs' execution, they demanded of Francis B. the balance of the same ; yet, that neither Fisher nor Francis B. has ever paid them such balance, which is still unsatisfied ; and that the defendant has unreasonably neglected and refused to pay the same ; whereby and by force of the statute, he is liable to pay them such balance and five times the lawful interest thereon from the time of the plaintiffs' demand.

The defendant demurred generally to the declaration.

Oct 21st,
1821

Hoar and Mellen, for the defendant, cited as to the insuf-ficiency of the declaration, Drowne v. Stimpson, 2 Mass. R. 444 ; Soper v. Harvard College, 1 Pick. 177 ; Salem v. Andover, 3 Mass. R. 436 ; Wrentham v. Attleborough, 5 Mass. R. 434 ; Peabody v. Hoyt, 10 Mass. R. 36 ; Com. Dig. Pleader, C 22 ; Hale v. Dennie, 4 Pick. 501 ; 2 Chitty on Pl. 342 to 345 ; Amer. Precedents of Decl. (Oliver's edit.) 363 to 365 ; Dennie v. Hamilton, 16 Mass. R. 402.

Buckminster, for the plaintiffs, cited as to an objection that there was no allegation in the second and third counts that the plaintiffs' attachment had ever been returned into court, Waite v. Briggs, Salk. 565. It is contended, that there is no aver ment, that Fisher had any surplus money in his hands at the time of the demand, and so the case is not brought within the operation of St. 1804, c: 83, § 6 ; but we say, that the plain-tiffs were entitled to one half of the proceeds of the sale of the equities, by virtue of the common law. Shove v. Dow, 13 Mass. R. 529. The statute applies only where there are prior and subsequent attachments ; not where the attachments are simultaneous. As to the objection, that the second and third counts contain no allegation that the plaintiffs' execution was delivered to Fisher, it is sufficient for us to say, that Francis B. Fay had attached personal property, and we were therefore

obliged to put the execution into his hands in order that he might levy on such property, and we could not compel him to deliver it up to Fisher. These counts are therefore not deficient in this respect. If it was the duty of Francis B. to deliver over the execution, then the defendant is clearly liable to the plaintiffs for the damages ; and all the facts necessary, in this view of the case, are alleged. *Thompson* v. *Marsh*, 14 Mass. R. 269.

WILDE J. delivered the opinion of the Court. This is an action of trespass on the case against the sheriff of the county of Worcester, for neglect of duty, both by him, and by one o. his deputies, in not paying over money collected on the plaintiffs' execution against one Fay. The defendant demurs to the declaration, and we are to decide whether any one of the several counts be in law sufficient to maintain the action. The plaintiffs' counsel rely principally upon the first count, in which the plaintiffs' judgment against Fay is set out, with an averment that execution thereon was delivered to the defendant, and that he undertook to execute the same according to law, and ought to have satisfied it out of the moneys of Fay arising from the sale of his property by the defendant, which, the plaintiffs aver, was attached on their original writ, and that the proceeds of sale were more than sufficient to satisfy their judgment, after paying off all previous attachments. But the first count does not show how, or by what authority, this sale was made. It is not averred that the defendant acted *virtute officii,* and such an averment we hold to be material to the maintenance of the action, and the omission of it is not to be supplied by intendment. Com. Dig. *Pleader, C* 22 ; Bac. Abr. *Pleas and Pleading, A* 1, *B* 1 ; *Drowne* v. *Stimpson,* 2 Mass. R. 444. The declaration must set forth all the material grounds of action fully and with certainty, and if on the facts stated two intendments may be made, it shall be taken most strongly against the plaintiff. The pleader in this case relied undoubtedly on the *St.* 1804, *c.* 83, § 6, which directs in what manner the surplus money arising on sales by sheriffs shall be applied, after satisfying the executions on which the property was taken and sold ; but the allegations in the first count are insufficient to bring the case within the purview of that statute. To bring

the case within the statute, it should have been averred that the sale was made officially ; and also that the plaintiffs' execution was delivered to the defendant before he had paid over the surplus money to the judgment debtor.    Both these averments are necessary, and the omission of them is fatal.    *Soper* v. *Harvard College*, 1 Pick. 177 ; *Salem* v. *Andover*, 3 Mass. R. 436 ; *Wrentham* v. *Attleborough*, 5 Mass. R. 434.

The other two counts are clearly deficient, and the plaintiffs' counsel have not attempted to support them.

In each of these latter counts, it is averred that the plaintiffs' execution was delivered to Francis B. Fay, one of the defendant's deputies, and that he satisfied the same in part by the sale of personal property, and demanded of Fisher, another of the defendant's deputies, the half of the proceeds of the sale of certain equities of redemption, which had been sold on an execution in favor of one Whipple, and had been simultaneously attached by him and the plaintiffs, and that the said Fisher not regarding the notice and demand, the plaintiffs have wholly lost the benefit of their attachment.    The negligence is charged against Fisher ; but there is no averment that he had any surplus money in his hands at the time of the demand, or that the plaintiffs' attachment had ever been returned into court ; or that he had been so informed by Francis B. Fay. The demand was not for any surplus in his hands, but for one half of the amount of sale, to which the plaintiffs were not entitled, as it would much exceed the amount due on their execution. And there is no averment that the plaintiffs' execution was delivered to Fisher.

These are material defects, and the whole declaration must be adjudged insufficient.